IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60211
Summary Calendar
_____

TAREK ELAGAMY,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

--------------------

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A26 440 666

--------------------
November 29, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Tarek Elagamy has filed a petition for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen deportation proceedings. Elagamy argues that the BIA erred in determining that he was not entitled to suspension of deportation because he had been served with an order to show cause prior to acquiring ten years of physical presence in the United States following his conviction for knowingly making a false statement under oath in connection with a visa application.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

Specifically, Elagamy contends that: (1) the BIA incorrectly decided In re N-J-B, Int. Dec. 3309 (BIA 1997) so that the stop-time rule of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), as amended by the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), does not end an alien's physical presence with the service of an order to show cause; (2) even if In re N-J-B was correctly decided, it does not prevent him from beginning a new residence period after the Order to Show Cause  has been issued; and (3) the BIA erred in retroactively applying the IIRIRA's stop-time rule to his case.

This court reviews the BIA's legal determinations de novo. See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). Elagamy does not provide any analysis or cite to any legal authority in support of his first argument.  Accordingly, this argument is deemed abandoned.  See American States Ins. Co. v. Bailey, 133 F.3d 363, 372 (5th Cir. 1998); see also Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993)(only issues presented and argued in the brief are addressed on appeal).

Elagamy's second argument was rejected in McBride v. INS, 238 F.3d 371, 376-77 (5th Cir. 2001), which upheld a BIA ruling providing that the stop-time rule prohibits the restarting of the accrual time-period after deportation proceedings have begun. that the issuance of a show-cause order tolls the physical-presence period in a suspension-of-deportation case.  Elagamy's contention that the stop-time provisions should not be retroactively applied to his case has likewise been foreclosed by

<u>Gonzalez-Torres v. INS</u>, 213 F.3d 899, 903 (5th Cir. 2000), in which we held that the IIRIRA's tolling provision applies to show-cause orders in deportation proceedings, like in Elagamy's case, that were pending at the time the IIRIRA was enacted.

Elagamy's petition for review is DENIED.